WAYNE COUNTY PROSECUTOR *v* TRANS-LUX MICHIGAN CO

1. OBSCENITY—OBSCENE MATERIAL—POSSESSION OR ACQUISITION—INJUNCTION.

    The statute empowering the prosecutor to bring a civil action to enjoin the possession or acquisition of obscene material applies only to possession or acquisition with intent to sell or distribute (MCLA 600.2938).

2. OBSCENITY—CONSTITUTIONAL LAW—POSSESSION.

    Private possession of obscene material is constitutionally protected only when it is for private use (US Const, Am I).

3. OBSCENITY—CONSTITUTIONAL LAW—POSSESSION—INJUNCTION.

    The trial court erred in dismissing the prosecutor's civil action to enjoin the possession or acquisition of obscene material where the statute empowering such actions does not apply to constitutionally protected private possession of obscene material for private use, but implicitly, as well as by its own terms the statute applies only to possession or acquisition with the intent to sell or distribute (US Const, Am I; MCLA 600.2938).

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 December 10, 1971, at Detroit. (Docket No. 10452.) Decided January 19, 1972.

Complaint by the Wayne County Prosecuting Attorney, William L. Cahalan, against Trans-Lux Michigan Company to enjoin the sale, distribution, possession, or acquisition of obscene material. Com-

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 10 *et seq.*

plaint dismissed. Plaintiff appeals. Reversed and remanded.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *Adam P. Angelas,* Assistant Prosecuting Attorneys, for plaintiff.

*Shellow & Shellow* and *Marc Stickgold (James A. Walrath, of counsel),* for defendant.

Before: LESINSKI, C. J., and LEVIN and O'HARA,[*] JJ.

O'HARA, J. This is a case of statutory construction. In general terms it is a controversy in what has come to be known as "obscenity" or "pornography" cases. It is a troubled area of law, and to a large extent the whole field has been preempted by the United States Supreme Court.

We do not believe that the precise point we decide here is controlled by Federal Supreme Court precedent or precedent of the Michigan Supreme Court.

The involved statute, MCLA 600.2938; MSA 27A-.2938, authorizes the prosecuting attorney to institute actions in circuit court to "enjoin and prevent the sale or further sale or the distribution of further distribution or the *acquisition* or *possession*" of certain so-called obscene materials. (Emphasis supplied.)

The crux of the attack made by defendant below was that MCLA 600.2938, *supra,* provides for seizure and destruction of obscene materials privately possessed and thus contravenes *Stanley* v *Georgia,* 394 US 557; 89 S Ct 1243; 22 L Ed 2d 542 (1969).

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We do not agree. The touchstone of *Stanley* was "the right to read or observe what he pleases—the right to satisfy his intellectal and emotional needs in the privacy of his home." *United States* v *Reidel*, 402 US 351, 355; 91 S Ct 1410, 1412; 28 L Ed 2d 813, 817 (1971). Thus, the *Stanley* doctrine does not extend to commercial enterprises exhibiting or selling allegedly obscene materials for profit.

To come within the proscription of MCLA 600-.2938, as originally enacted, the possession or acquisition spoken of had to be with the intent to sell or distribute. See 1958 PA 126; 1948 CL 692.841–692.850; MSA 27.1410(1)–27.1410(10). It would not appear that deletion of the "intent" language was intended to change the substance of 1958 PA 126, but merely to reorganize and reword it. This is borne out by the committee comment of MCLA 600.2938.

The legislative history of MCLA 600.2938 indicates a clear intent that the statute be applicable only to possession or acquisition with the intent to sell or distribute. Since, as noted hereinbefore, private possession of obscene materials is protected only when it is for private use rather than for sale or commercial distribution, MCLA 600.2938, *supra,* does not infringe upon the constitutional right to private possession of such materials as set forth in *Stanley, supra,* and as explained in *Reidel, supra.*

For these reasons we hold that the learned trial judge erred in dismissing plaintiff appellant's action on the ground of the unconstitutionality of the statute for overbreadth. MCLA 600.2938, *supra,* as we read it, does not proscribe personal acquisition or possession. Impliedly, as well as by its own terms, it is confined to acquisition and possession for sale or distribution.

We, of course, intimate no opinion as to the merits of this case.

Reversed and remanded for proceedings not inconsistent herewith.

All concurred.